**Margaret E. Schroeder**, OSB No. 025748
mes@bhlaw.com
BLACK HELTERLINE LLP
1900 Fox Tower
805 S.W. Broadway
Portland, OR 97205
Telephone: (503) 224-5560
Fax: (503) 224-6148

Of Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

MIDNITE AIR CORP., a California corporation, d.b.a. MIDNITE EXPRESS,

Plaintiff,

v.

EVERGREEN INTERNATIONAL AIRLINES, INC., an Oregon corporation,

Defendant.

Case No.

**COMPLAINT**
(Breach of Contract; Account; Account Stated; Quantum Meruit)

**JURY TRIAL DEMANDED**

For its Complaint against defendant, plaintiff alleges:

**PARTIES**

1.

Midnite Air Corp., d.b.a. Midnite Express, ("MNX") is a California corporation with its principal place of business in Los Angeles, California.

2.

Defendant Evergreen International Airlines, Inc. ("Evergreen") is an Oregon corporation with its principal place of business in McMinnville, Oregon.

**JURISDICTION AND VENUE**

3.

This court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between plaintiff and defendant and the amount in controversy exceeds $75,000. Venue is proper in the United States District Court for the District of Oregon, Portland Division pursuant to 28 U.S.C. § 1391 because jurisdiction is founded solely on diversity of citizenship and the defendant resides in this judicial district and division.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

4.

On or about July 25, 2001, Evergreen hired MNX to provide global and domestic transportation services to Evergreen. When Evergreen set up an account with MNX, Evergreen signed the credit application attached hereto as Exhibit 1 (the "Contract").

5.

MNX provided all of the transportation services requested by Evergreen, and MNX sent invoices to Evergreen detailing the services performed and the amounts due for these services.

6.

Evergreen paid MNX's invoices until November 23, 2011, which is the last date Evergreen made a payment to MNX. The following invoices for transportation services requested by Evergreen and provided by MNX between July 18, 2011 and October 14, 2011 totaling $141,840.91, copies of which are attached hereto as Exhibits 2 through 23, remain unpaid and are past due:

a. Invoice No. 3013649-IN dated July 31, 2011 for $35,057.86 (see Exhibit 2);

b. Invoice No. 3014538-IN dated August 15, 2011 for $7,267.54 (see Exhibit 3);

c. Invoice No. 3014859-IN dated August 22, 2011 for $17,432.51 (see Exhibit 4);

d. Invoice No. 3014928-IN dated August 22, 2011 for $4,867.91 (see Exhibit 5);

e. Invoice No. 3015049-IN dated August 22, 2011 for $3,904.33 (see Exhibit 6);

f. Invoice No. 3015229-IN dated August 29, 2011 for $14,989.86 (see Exhibit 7);

g. Invoice No. 3015314-IN dated August 29, 2011 for $3,186.26 (see Exhibit 8);

h. Invoice No. 3015440-IN dated August 29, 2011 for $1,555.23 (see Exhibit 9);

i. Invoice No. 3015570-IN dated August 29, 2011 for $8,046.59 (see Exhibit 10);

j. Invoice No. 3015622-IN dated August 29, 2011 for $1,030.48 (see Exhibit 11);

k. Invoice No. 3015663-IN dated August 31, 2011 for $13,299.37 (see Exhibit 12);

l. Invoice No. 3016016-IN dated September 5, 2011 for $6,522.24 (see Exhibit 13);

m. Invoice No. 3016180-IN dated September 12, 2011 for $3,664.65 (see Exhibit 14);

n. Invoice No. 3016286-IN dated September 12, 2011 for $4,412.91 (see Exhibit 15);

o. Invoice No. 3016569-IN dated September 19, 2011 for $2,862.27 (see Exhibit 16);

p. Invoice No. 3017000-IN dated September 26, 2011 for $4,665.51 (see Exhibit 17);

q. Invoice No. 3017453-IN dated September 26, 2011 for $928.00 (see Exhibit 18);

r. Invoice No. 3017780-IN dated September 30, 2011 for $829.66 (see Exhibit 19);

s. Invoice No. 3018416-IN dated October 3, 2011 for $447.56 (see Exhibit 20);

t. Invoice No. 3018472-IN dated October 10, 2011 for $4,705.53 (see Exhibit 21);

u. Invoice No. 3018554-IN dated October 10, 2011 for $1,239.09 (see Exhibit 22); and

v. Invoice No. 3019198-IN dated October 17, 2011 for $925.55 (see Exhibit 23).

7.

Pursuant to the terms of the Contract, Evergreen agreed to pay these amounts within 10 days of the date on the invoice.

8.

Evergreen, despite demand, has failed and refused to pay MNX these amounts when due and is now in default.

9.

All conditions precedent to Evergreen's obligation to pay have been performed or have occurred, or such conditions have been waived or excused.

. . . . .

10.

Pursuant to the terms of the Contract, MNX is entitled to pre-judgment and post-judgment interest at the rate of 18% per annum on each invoice from the date such sums were due until paid in full.

11.

Pursuant to the terms of the Contract, MNX is entitled to all collection expenses, including court costs and attorney fees.

**SECOND CLAIM FOR RELIEF**

**(Account)**

12.

MNX realleges and incorporates by reference paragraphs 1 through 10 above.

13.

Evergreen is indebted to MNX in the principal amount of $141,840.91 for transportation services provided by MNX to Evergreen.

14.

Evergreen accepted the transportation services on account.

15.

The total sum remaining due on the account is $141,840.91, plus interest at the rate of 18% per annum from the date such sums were due until paid in full.

**THIRD CLAIM FOR RELIEF**

**(Account Stated)**

16.

MNX realleges and incorporates by reference paragraphs 1 through 10 above.

17.

MNX delivered all of the invoices attached hereto as Exhibit 2 to Evergreen.

18.

Evergreen failed to pay those invoices and never objected to the invoices.

19.

Evergreen promised to pay MNX the sum of $141,840.91, plus interest at the rate of 18% per annum from the date such sums were due until paid in full.

**FOURTH CLAIM FOR RELIEF**

**(Quantum Meruit)**

20.

MNX realleges and incorporates by reference paragraphs 1 through 3 above.

21.

MNX provided global and domestic transportation services to Evergreen at Evergreen's request between July 18, 2011 and October 14, 2011 in reliance on Evergreen's promise to pay MNX for these services.

22.

Despite demand, Evergreen failed to pay MNX for the transportation services provided by MNX when due.

23.

The reasonable and agreed upon value of the transportation services provided by MNX to Evergreen is $141,820.91. Evergreen's retention of the benefit of these services without payment in full to MNX is unjust.

24.

MNX has been damaged as a result in the amount of $141,840.91.

25.

MNX is entitled to pre-judgment and post-judgment interest at the highest rate recoverable by law from the date the services were rendered until paid in full.

WHEREFORE, plaintiff Midnite Air Corp. prays for judgment in its favor and against defendant Evergreen as follows:

1. On Midnite Air Corp.'s First Claim for Relief for Breach of Contract:

   a. For judgment in the amount of $141,840.91;

b. Pre-judgment and post-judgment interest at the contract rate of 18% per annum from the date such sums were due until paid in full;

c. Costs and disbursements incurred herein;

d. All of its collection expenses, including court costs and attorney fees; and

e. For such other relief as the court deems just and equitable.

2. On Midnite Air Corp.'s Second Claim for Relief for Account:

a. For judgment in the amount of $141,840.91;

b. Pre-judgment and post-judgment interest at the contract rate of 18% per annum from the date such sums were due until paid in full;

c. Costs and disbursements incurred herein; and

d. For such other relief as the court deems just and equitable.

3. On Midnite Air Corp.'s Third Claim for Relief for Account Stated:

a. For judgment in the amount of $141,840.91;

b. Pre-judgment and post-judgment interest at the contract rate of 18% per annum from the date such sums were due until paid in full;

c. Costs and disbursements incurred herein; and

d. For such other relief as the court deems just and equitable.

4. On Midnite Air Corp.'s Fourth Claim for Relief for Quantum Meruit:

a. For judgment in the amount of $141,840.91;

b. Pre-judgment and post-judgment interest at the highest rate recoverable by law from the date such sums were due until paid in full;

c. Costs and disbursements incurred herein; and

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

d. For such other relief as the court deems just and equitable.

DATED this 18th day of May, 2012.

BLACK HELTERLINE LLP

By: /s Margaret E. Schroeder

Margaret E. Schroeder, OSB No. 025748
mes@bhlaw.com
805 S.W. Broadway, Suite 1900
Portland, OR 97205
(503) 224-5560
Of Attorneys for Plaintiff